```
                                    FILED

                                  OCT 2 9 2012

                              CLERK, U.S. DISTRICT COURT
                            SOUTHERN DISTRICT OF CALIFORNIA
                            BY          VANY        DEPUTY
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN CAMPBELL, Individually, and on Behalf of Other Members of the Public Similarly Situated,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>FIRST INVESTORS CORPORATION, FIRST INVESTORS LIFE INSURANCE COMPANY, and DOES 1-10, INCLUSIVE,<br><br>                                        Defendants. | CASE NO. 11-CV-0548 BEN (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Docket No. 38] |

Plaintiff Lauren Campbell was a licensed registered representative and licensed insurance agent affiliated with the San Diego office of Defendants First Investors Corporation and First Investors Life Insurance Company (collectively, "First Investors"). In addition to San Diego, First Investors operates offices in Pasadena, Walnut Creek, and San Jose, California. Plaintiff alleges that First Investors misclassified its California registered representatives as independent contractors, and therefore failed to comply with the California Labor Code.

On February 18, 2011, Plaintiff initiated this putative class action in San Diego County Superior Court. The Complaint asserts nine causes of action: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to pay wages due; (4) failure to provide itemized wage statements; (5) failure to provide meal periods; (6) failure to provide rest periods; (7) failure to

1 reimburse employee expenses; (8) unlawful deductions from wages; and (9) unfair competition. On

2 March 18, 2011, Defendants removed the action to this Court.

3 Presently before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class

4 Action Settlement.

5 **DISCUSSION**

6 Once parties reach a settlement agreement prior to class certification, the court must "peruse

7 the proposed compromise to ratify both the propriety of the certification and the fairness of the

8 settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). The court must (1) assess

9 whether a class exists, and (2) determine whether the proposed settlement is "fundamentally fair,

10 adequate, and reasonable." *Id.* (internal quotation marks omitted). Here, the Court will first examine

11 the propriety of class certification, then the fairness of the settlement agreement, followed by the

12 questions of class counsel and class notice.

13 **I.   CLASS CERTIFICATION**

14 A plaintiff seeking a Rule 23(b)(3) class certification must: (1) satisfy the prerequisites of Rule

15 23(a); and (2) satisfy the requirements of Rule 23(b)(3). Here, the parties seek provisional certification

16 for settlement purposes only of the following class: individuals who were affiliated with Defendants

17 (or any one Defendant) as a licensed registered representative or licensed insurance agent at any of

18 Defendants' four California offices during the "Covered Period" (from February 18, 2007, through the

19 date of this Order preliminary approving the settlement). (Dente Decl., Exh. A [Settl.] ¶ 5.)

20 **A.   Rule 23(a) Requirements**

21 Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity; (2)

22 commonality; (3) typicality; and (4) adequacy of representation. FED. R. CIV. P. 23(a); *see also Staton*,

23 327 F.3d at 953. The Court will examine each prerequisite in turn.

24 **1.   Numerosity**

25

26 The numerosity prerequisite is met if "the class is so numerous that joinder of all members is

27 impracticable." FED. R. CIV. P. 23(a)(1). In the present case, there are approximately 300 class

28 members covered by the Settlement. (Dente Decl., Exh. A [Settl.] ¶ 5.) They are too numerous to be

1  joined as plaintiffs in this action. Accordingly, the numerosity requirement is met.

2                               **2.    Commonality**

3        The commonality requirement is met if "there are questions of law or fact common to the

4  class." FED. R. CIV. P. 23(a)(2). The commonality requirement is construed "permissively." *Hanlon*

5  *v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Not all questions of law and fact need to be

6  common, but rather "[t]he existence of shared legal issues with divergent factual predicates is

7  sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."

8  *Id.* In addition, commonality requires that class members "have suffered the same injury." *Wal-Mart*

9  *Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

10       Here, the class members' claims all share the same issue: whether they were inappropriately

11 classified as independent contractors and, as a result, not paid in accordance with the California Labor

12 Code. Accordingly, the commonality requirement is met.

13                              **3.    Typicality**

14       Typicality requires that "the claims or defenses of the representative parties [be] typical of the

15 claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The Ninth Circuit interprets typicality

16 permissively. *Hanlon*, 150 F.3d at 1020. The representative claims are "typical" if they are

17 "reasonably co-extensive with those of absent class members," though they "need not be substantially

18 identical." *Id.*; *see also Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175

19 (9th Cir. 1990). The named plaintiffs must be members of the class they seek to represent and they

20 must "possess the same interest and suffer the same injury" as putative class members. *Gen. Tel. Co.*

21 *of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotation marks omitted). It is sufficient for the

22 plaintiff's claims to "arise from the same remedial and legal theories" as the class claims. *Arnold v.*

23 *United Artists Theatre Cir., Inc.*, 158 F.R.D. 439, 449 (N.D. Cal. 1994).

24       Here, Plaintiff's claims arise from the same factual and legal circumstances as those pertaining

25 to the claims of the class members. Specifically, Plaintiff alleges that she and the class members were

26 improperly classified as independent contractors, giving rise to multiple failures on First Investors' part

27 to pay and reimburse class members in accordance with the California Labor Code. Accordingly, the

28 typicality requirement is met.

#### 4.   Adequacy of Representation

Representative parties must be able to "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Representation is adequate if the plaintiffs: (1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1185 (9th Cir. 2007).   At the heart of this requirement is the "concern over settlement allocation decisions." *Hanlon*, 150 F.3d at 1020.

Here, Plaintiff has an interest in proving liability against First Investors, and Plaintiff's interest is the same as that of the absent class members.   Plaintiff does not have any apparent conflicts of interest with the class.

In addition, class counsel is adequate, as they have significant experience representing classes of employees in wage and hour litigation.   Matthew Dente, from the Dente Law Firm, has ten years of experience practicing employment law and serving as counsel in wage and hour class actions. (Dente Decl. ¶¶ 3-5.)   Dente has served as counsel in dozens of wage and hour class actions before state and federal courts.   (*Id.*)   London Meservy, Meservy Law, P.C., has eleven years of experience litigating complex multi-plaintiff cases and class actions both as outside defense counsel, plaintiff's counsel, and in-house corporate counsel. (Meservy Decl. ¶¶ 3-5.)   Meservy's current practice focuses almost exclusively on complex class actions on behalf of employees and consumers, and Meservy currently serves as counsel in multiple cases.   (*Id.* ¶ 4.)   Brian Robbins, from Robbins Umeda LLP, has over ten years of experience in complex civil litigation, including class actions.   (Robbins Decl. ¶ 3.)   In addition, Robbins serves as counsel in multiple putative wage and hour class actions.   (*Id.*) Plaintiff and the proposed class counsel have indicated that they are willing to pursue this action vigorously on behalf of the class, have thoroughly investigated the class claims, and have served and responded to discovery. (Dente Decl. ¶¶ 8, 15-22.)   Accordingly, the adequacy requirement has been met.

For the reasons stated above, Plaintiff has satisfied the prerequisites of Rule 23(a).

#### B.   Rule 23(b)(3) Requirements

Rule 23(b)(3) requires the court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" ("predominance"); and

11cv0548

1  (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the

2  controversy" ("superiority").

### 1.  Predominance

4  The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant

5  adjudication by representation." *Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted).  This

6  analysis requires that common questions of law and fact "present a significant aspect of the case and

7  [that] they can be resolved for all members of the class in a single adjudication."  *Id.* (internal

8  quotation marks omitted).   The relevant inquiry is whether issues "subject to generalized proof

9  predominate over those issues that are subject only to individualized proof." *Dilts v. Penske Logistics,*

10  *LLC*, 267 F.R.D. 625, 634 (S.D. Cal. 2010) (internal quotation marks and alteration omitted).

11  Here, the central issue in this action is whether Defendants violated certain provisions of the

12  California Labor Code by misclassifying its registered representatives as independent contractors.

13  Judicial economy favors resolving this predominant issue once, in a class action settlement, rather than

14  litigating it multiple times in individual lawsuits.  Accordingly, the predominance requirement is met.

### 2.  Superiority

16  The superiority requirement focuses on the determination of "whether the objectives of the

17  particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023.

18  The class-action method is considered to be superior if "classwide litigation of common issues will

19  reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d

20  1227, 1234 (9th Cir. 1996).

21  Concentration of class members' claims for settlement purposes is desirable in order to avoid

22  the possibility of duplicative individual matters and inconsistent judicial determinations.   Class

23  treatment of the class members' claims would be more manageable than many individual lawsuits

24  brought by current or former registered representatives.  In addition, because of the relatively small

25  individual claims of class members, it is unlikely that individual actions to recover these unpaid wages

26  will be filed.  The average estimated individual settlement award is $4,082.73, and class members

27  employed throughout the entire time period will recover approximately $19,744.35.  (Aguilar Decl.

28  ¶ 9.)  Accordingly, the superiority requirement is met.

1    For the foregoing reasons, Plaintiff has satisfied the requirements of Rule 23(b)(3). The Court

2    **GRANTS** preliminary certification for the purposes of the proposed settlement. The Court, however,

3    may review this finding at the Final Approval Hearing.

4    ## II.    THE SETTLEMENT

5    Rule 23(e) requires the Court to determine whether a proposed settlement is "fundamentally

6    fair, adequate, and reasonable." *Staton*, 327 F.3d at 959 (internal quotation marks omitted). In making

7    this determination, a court may consider: (1) the strength of the plaintiff's case; (2) "the risk, expense,

8    complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status

9    throughout the trial;" (4) "the amount offered in settlement;" (5) "the extent of discovery completed,

10   and the stage of the proceedings;" (6) "the experience and views of counsel;" (7) "the presence of a

11   governmental participant;" and (8) "the reaction of the class members to the proposed settlement."

12   *See id.* (internal quotation marks omitted).  Moreover, the settlement may not be the product of

13   collusion among the negotiating parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir.

14   2000).

15   Because some of these factors cannot be fully assessed until the Court conducts the Final

16   Approval Hearing, "a full fairness analysis is unnecessary at this stage." *See Alberto v. GMRI, Inc.*,

17   252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal quotation marks omitted).  At the preliminary approval

18   stage, the Court need only review the parties' proposed settlement to determine whether it is within

19   the permissible "range of possible approval" and thus, whether the notice to the class and the

20   scheduling of the formal fairness hearing is appropriate. *Id.* at 666.

21   ### A.    The Strength of Plaintiff's Case and the Risk, Expense, Complexity and

22   ### Likely Duration of Further Litigation, and the Risk of Maintaining Class

23   ### Action Status Throughout the Trial

24   Plaintiff's counsel believes that the proposed settlement is fair, reasonable, and adequate, and

25   is in the best interest of the parties in light of all known facts and circumstances, including the risk of

26   delay, the uncertainty of recovery, and the defenses asserted by Defendants.  (Dente Decl. ¶ 24.)

27   Specifically, Plaintiff recognizes that there is a possibility that the Class may not obtain certification

28   or, even with certification, will not be able to recover damages, considering Defendants' defenses, as

1  well as the uncertainty in the law regarding Plaintiff's and the putative class's employment status, the

2  previously unsettled law regarding meal and rest periods, the requisite showing on an injury to recover

3  damages under California Labor Code § 226, and the willfulness requirement under California Labor

4  Code § 203. (*Id.* ¶ 17.) In addition, class counsel recognizes the possibility of an adverse ruling on

5  Defendants' motion to compel arbitration, summary judgment and/or class certification, the difficulties

6  of complex litigation, the process of establishing entitlement to the damages at issue, and various

7  possible delays and appeals. (*Id.* ¶ 26.) Taken together, these considerations weigh in favor of

8  preliminary approval of the proposed settlement.

9  **B.    The Extent of Discovery and the Stage of the Proceedings**

10  In regards to class action settlements, "formal discovery is not a necessary ticket to the

11  bargaining table where the parties have sufficient information to make an informed decision about

12  settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) (internal quotation

13  marks omitted).

14  Here, the parties appear to have engaged in substantial discovery. Defendants have produced

15  Plaintiff's personnel file, payroll documents, and arbitration agreements. (Dente Decl. ¶ 8.) In

16  addition, class counsel requested, and Defendants produced a class list with start and end dates, work

17  locations, and total workweeks for every putative class member; copies of all applicable policies; data

18  showing the class members' earnings (including commissions, bonuses, deductions, reimbursements,

19  etc.); a sampling of payroll records, commission/bonus statements, pay stubs, Form 1099's, and CAP

20  statements for approximately 20% of the putative class; all First Investors presentations shown to

21  putative class members and prospective registered representatives; training documents; compensation

22  plans; commissions and bonus plans; a representative sampling of weekly schedules; documents

23  related to First Investors' mentoring program; and documents regarding support service fees and other

24  expenses incurred by putative class members. (*Id.*) The parties appear to have thoroughly investigated

25  and evaluated the factual strengths and weaknesses of this case and engaged in sufficient investigation

26  and discovery to support the settlement. Accordingly, the extent of discovery and stage of the

27  proceedings weigh in favor of preliminary approval.

28  ///

## C.    Experience of Class Counsel

Class counsel has experience in complex civil litigation. (*See* Dente Decl. ¶¶ 3-5; Meservy Decl. ¶¶ 3-5; Robbins Decl. ¶ 3.)  Dente and Meservy have extensive experience representing both defendants and plaintiffs in wage and hour class action cases. (*See* Dente Decl. ¶¶ 3-5; Meservy Decl. ¶¶ 3-5.)  Both Dente and Meservy have been appointed as class counsel in numerous wage and hour class actions in both state and federal court. (*See* Dente Decl. ¶¶ 3-5; Meservy Decl. ¶¶ 3-5.)  In addition, Robbins Umeda LLP has handled complex class and derivative actions, including wage and hour class actions. (*See* Robbins Decl. ¶ 3.)

Moreover, Defendants' counsel, Paul Hastings LLP, has a worldwide employment litigation practice, and has handled over 200 class actions within the last two years. (Mot. at 9.) Nancy Abell has over 30 years of experience, and is the Global Chair of Paul Hastings' Employment Law Department. (*Id.*) Abell has litigated numerous wage and hour class actions. (*Id.*) Raymond Bertrand has approximately 17 years of experience, and has litigated many statewide and nationwide class actions, including wage and hour matters. (*Id.*) In addition, Bertrand is the Co-Editor-in-Chief of Matthew Bender's *California Employers' Guide to Employee Handbooks and Personnel Policy Manuals* and authors the wage-and-hour section of Matthew Bender's *California Labor & Employment Bulletin.*

Counsel on both sides believe that this is a fair and reasonable settlement. Accordingly, this factor weighs in favor of preliminary approval. *See Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." (internal quotation marks omitted)).

## D.    The Amount Offered in Settlement

A settlement is not judged against only the amount that might have been recovered had the plaintiff prevailed at trial, nor must the settlement provide 100% of the damages sought to be fair and reasonable. *Linney*, 151 F.3d at 1242. There is a "range of reasonableness" in determining whether to approve settlement "which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Frank v.*

1  *Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *Newman v. Stein*, 464 F.2d 689,

2  693 (2d Cir. 1972)). The adequacy of the amount recovered must be judged as "a yielding of absolutes

3  ... Naturally, the agreement reached normally embodies a compromise; in exchange for the saving

4  of cost and elimination of risk, the parties each give up something they might have won had they

5  proceeded with litigation." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir.

6  1982) (internal quotation marks omitted). "It is well-settled law that a cash settlement amounting to

7  only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."

8  *Id.* at 628.

9        Here, Plaintiff brings claims for damages and statutory penalties against First Investors on

10  behalf of herself and other California registered representatives for: (1) failure to pay overtime wages;

11  (2) failure to pay minimum wages due; (3) failure to timely pay wages due; (4) failure to provide

12  itemized wage statements; (5) failure to provide meal periods; (6) failure to provide rest periods; (7)

13  failure to reimburse employee expenses; (8) unlawful deductions; and (9) unfair competition. The

14  approximate and reasonable value of Plaintiff's claims are: (1) $3,500,000 for the minimum wage and

15  overtime claims; (2) $1,037,120 for the meal and rest period claims; and (3) $2,300,000 for the

16  reimbursement of business expense claims. (Aguilar Decl. ¶¶ 5-7.) Thus, an approximate and

17  reasonable value of the total claims in this action is $6,837,120. (*See id.* ¶ 8.) In addition, Plaintiff's

18  claims carry the potential for related statutory penalties for inaccurate wage statements and waiting

19  time penalties, as well as related civil penalties potentially recoverable under the California Private

20  Attorneys General Act of 2004, Labor Code § 2698 *et seq.* Many of these penalties, however, arguably

21  require heightened proof, such as proof of intent and/or willfulness. Moreover, many of these

22  penalties, if recovered, would not be awarded to class members.

23        The parties have agreed to a Gross Settlement Amount of $1,750,000, which includes, subject

24  to the Court's approval: (1) payment to the California Labor Workforce Development Agency for its

25  share of the settlement of claims for civil penalties pursuant to the Private Attorneys' General Act in

26  the amount of $17,500; (2) all employer taxes applicable to the settlement payments, including the

27  Federal Unemployment Tax Act and the Federal Insurance Contributions Act; (3) Plaintiff's Class

28  Representative Payment in the amount of $25,000; (4) Class Counsel's attorney's fees in the amount

1   of $437,500 and expenses not to exceed $20,000; and (5) the Settlement Administrator's fees and

2   expenses. (Dente Decl. ¶ 13.) All settlement payments to the eligible class members will be made

3   from the amount remaining in the settlement fund after all other applicable deductions ("Settlement

4   Proceeds"). (*Id.*) The average estimated individual settlement award is $4,082.73, and class members

5   employed throughout the entire time period will recover approximately $19,744.35. (Aguilar Decl.

6   ¶ 9.)

7         In addition, if fewer than all participating class members timely and properly submit claims,

8   any unclaimed sum will be distributed by the Settlement Administrator to the Children's Miracle

9   Network. (Dente Decl., Exh. A [Settl.] ¶ 39.) In *Dennis v. Kellogg Co.*, __ F.3d __, 2012 WL

10   3800230, at *5 (9th Cir. 2012), the Ninth Circuit held that "[t]o avoid the many nascent dangers to the

11   fairness of the distribution process, we require that there be a driving nexus between the plaintiff class

12   and the *cy pres* beneficiaries." *Id.* at *5 (internal quotation marks omitted). This "'driving nexus'

13   between the class and the *cy pres* beneficiaries . . . is more than a simple alignment of interest.

14   'Nexus' implies that there be an actual connection, not just between the class and the *cy pres*

15   beneficiary, but between the *claims alleged in the case* and the *cy pres* beneficiary." *In re Groupon,*

16   *Inc. Mktg. & Sales Practices Litig.*, Case No. 11-MD-2238 DMS (RBB), Docket No. 97, at 15 (S.D.

17   Cal. Sept. 28, 2012); *see also Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). Here, the

18   parties do not assert that there is a driving nexus between the class and the *cy pres* beneficiary, nor is

19   a driving nexus apparent to the Court. Accordingly, preliminary approval of the settlement is

20   **DENIED** to the extent that the parties intend to distribute any unclaimed sum of the settlement to the

21   Children's Miracle Network. The parties may address this issue at the Final Approval Hearing.

22         The value of the settlement takes into account the risks related to certification, liability, and

23   damages, including the possibility that the Class would have not been able to make the necessary

24   showings to obtain recovery. (Dente Decl. ¶ 25.) In light of the uncertainties involved with respect

25   to litigating this action, the Court finds the amounts offered in settlement to be adequate, at least at this

26   stage of the proceedings. *See, e.g.*, *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL

27   221862, at *4 (N.D. Cal. Jan. 26, 2007) (finding settlement of a wage and hour class action for 25 to

28   35% of the claimed damages to be reasonable in light of the uncertainties involved in the litigation).

1          E.     **Collusion Between the Parties**

2          The collusion inquiry regards the possibility that the agreement is the result of either the

3    negotiators' overt misconduct or improper incentives for certain class members at the expense of other

4    members of the class. *Staton*, 327 F.3d at 960. Here, there is no evidence of overt misconduct. The

5    Court will focus only on the aspects of the settlement that lend themselves to self-interested action.

6          First, the Individual Settlement Payments will be distributed to the class members

7    proportionately, based on their tenure. (*See* Dente Decl., Exh. A [Settl.] ¶ 43.) Each class member

8    who timely submits a Claim Form will receive a share of the Settlement Proceeds, calculated as

9    follows: (1) the Settlement Proceeds will be divided by the total number of Compensable Work Weeks

10   of all class members, and (2) that number (the "Work Week Value") will be multiplied by the number

11   of Compensable Work Weeks during which the individual class member was affiliated with First

12   Investors, to determine the Individual Settlement Payment. (*Id.* ¶ 43.)

13         Second, the proposed class representative enhancement of $25,000 likewise does not appear

14   to be the result of collusion. The Court evaluates incentive awards using "relevant factors including

15   the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has

16   benefitted from those actions, the amount of time and effort the plaintiff expended in pursuing the

17   litigation and reasonable fears of workplace retaliation." *Staton*, 327 F.3d at 977 (internal quotation

18   marks and alterations omitted). Here, Plaintiff requests $25,000 for Campbell, for her time, effort,

19   risks undertaken for the payment of costs in the event this action had been unsuccessful, and stigma

20   upon future employment opportunities for having initiated an action against a former employer. (*See*

21   Dente Decl., Exh. A [Settl.] ¶ 41.)

22         Third, the attorneys' fees do not appear to be the result of collusion. It is permissible for

23   plaintiffs to simultaneously negotiate the merits of the action and attorneys' fees. *Staton*, 327 F.3d at

24   971. Twenty-five percent is the "benchmark" of recovery. *Powers v. Eichen*, 229 F.3d 1249, 1256-57

25   (9th Cir. 2000). In addition, "the choice of whether to base an attorneys' fee award on either net or

26   gross recovery should not make a difference so long as the end result is reasonable." *Id.* at 1258.

27   Here, the Settlement Agreement provides that Plaintiff's counsel will recover an award of attorneys'

28   fees up to 25% of the Gross Settlement Amount, or $437,500. (Dente Decl., Exh. A [Settl.] ¶ 40.) In

1   addition, Plaintiff's counsel will request reimbursement of their expenses not to exceed $20,000, to

2   be paid out of the Gross Settlement Amount. (*Id.*) Accordingly, the attorneys' fees do not appear to

3   be the result of collusion.

4          For the above reasons, the Court **GRANTS IN PART** preliminary approval of the proposed

5   settlement. Preliminary approval of the settlement is **DENIED** to the extent that the parties intend to

6   distribute any unclaimed sum of the settlement to the Children's Miracle Network.

7          **III.   APPOINTING CLASS COUNSEL**

8          The choice of counsel has traditionally been left to the parties, "whether they sue in their

9   individual capacities or as class representatives." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002)

10  (internal quotation marks omitted). Here, Plaintiff's counsel has extensive experience in employment

11  class actions, as discussed above. Accordingly, because Plaintiff's counsel appears to be competent

12  to represent the class, the Court **GRANTS** Plaintiff's motion to appoint Matthew S. Dente from the

13  Dente Law Firm; London D. Meservy from Meservy Law, PC.; and Brian J. Robbins and Conrad B.

14  Stephens from Robbins Umeda LLP.

15         **IV.   APPROVING CLASS NOTICE**

16         Class notice must be "reasonably calculated, under all the circumstances, to apprise interested

17  parties of the pendency of the action and afford them an opportunity to present their objections." *See*

18  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Moreover, the class notice

19  must satisfy the content requirements of Rule 23(c)(2)(B), which provides that the notice must clearly

20  and concisely state in plain, easily understood language:

21
22          (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims,
            issues, or defenses; (iv) that a class member may enter an appearance through an
23          attorney if the member so desires; (v) that the court will exclude from the class any
            member who requests exclusion; (vi) the time and manner for requesting exclusion;
            and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).
24

25         Here, the content of the proposed notice is adequate. The proposed notice provides: (1)

26  information on the meaning and nature of the class; (2) the terms and provisions of the proposed

27  settlement; (3) the relief that settlement group members will be entitled to, including a specific

28  estimate of the amount to be paid to each eligible member; (4) the costs and fees to be paid out of the

1  Gross Settlement Amount; (5) the procedures and deadlines for submitting claim forms, objections,

2  and/or requests for exclusion; and (6) the date, time, and place of the Final Approval Hearing. (*See*

3  Dente Decl., Exh. A [Settl., Exh. A [Proposed Class Notice]].) In addition, the method of notice, more

4  fully set forth below, is reasonable.

5  **CONCLUSION**

6  For the reasons stated above, **IT IS HEREBY ORDERED**:

7  1.   Based upon the Court's review of the Settlement, the supporting briefs and declarations,

8  and the entire record, the Plaintiff's Unopposed Motion for Preliminary Approval of Settlement is

9  **GRANTED IN PART AND DENIED IN PART**, as specified herein.

10  2.   This Order incorporates by reference the definitions in the Settlement, and all terms

11  defined therein shall have the same meaning in this Order as set forth in the Settlement.

12  3.   The Court hereby conditionally certifies the following Class for settlement purposes

13  only:

14  All individuals affiliated with Defendants (or any one Defendant) as a licensed
      registered representative or licensed insurance agent at any of Defendants' four
15  California offices during the Covered Period.

16  The Covered Period means the period from February 18, 2007 through the date of this Order.

17
18  4.   Based upon the Court's review of the Settlement, the supporting briefs and declarations,

19  and the entire record, this action presents common issues of law and fact, Plaintiff Lauren Campbell

20  is found to be an adequate representative of the Class, and her claims are found to be typical of the

21  other Class Members. The following attorneys are hereby appointed and designated as counsel for the

22  Plaintiff and the Class ("Class Counsel"):

23  THE DENTE LAW FIRM
     MATTHEW S. DENTE (SB# 241547)
24  600 B Street, Suite 1900
     San Diego, CA 92101
25  Telephone: 619-550-3475
     Facsimile: 619-342-9668
26
27  LONDON D. MESERVY (SB# 216654)
     MESERVY LAW, PC.
28  120 C Ave., Suite 120
     Coronado, CA 92118

Telephone:  (858) 779-1276
Facsimile:  (866) 231-8132

ROBBINS UMEDA LLP
BRIAN J. ROBBINS, (SB# 190264)
CONRAD B. STEPHENS, (SB# 266790)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone:  (619) 525-3900
Facsimile:  (619) 525-3991

5.      Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given under the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense.  Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6.      Preliminarily, the Court approves in part the Settlement.  The Court approves the definition and disposition of the Gross Settlement Amount, with the exception of the provision providing distribution of any unclaimed sum of the Settlement to the Children's Miracle Network.  In addition, the Court approves the proposed payments to Class Members, Class Counsel Attorneys' Fees and Costs Payment, and the Class Representative Payment.  The Court finds that, on a preliminary basis, the Gross Settlement Amount, as defined in the Settlement, appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, with the exception of the proposed distribution of any unclaimed sum of the Settlement to the Children's Miracle Network.

7.      The Final Approval Hearing shall be held before this Court on **May 2, 2013, at 9:30 a.m.** at the United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101, in Courtroom 3, to determine all necessary matters concerning the Settlement, including: whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement is fair, adequate, and reasonable and should be finally approved by the Court; whether a Judgment should be entered herein; whether the proposed allocation and distribution of the Gross Settlement Amount contained in the Settlement should be approved as fair, adequate, and reasonable

11cv0548

1 | to the Class Members; and to finally approve the Class Counsel Fees and Cost Payment and the Class
2 | Representative Payment.

3 |      8.     The Court approves, as to form and content, the Notice and Claim Form attached as
4 | Exhibits A and B to the Settlement. The Court finds that the distribution of the Notice and Claim
5 | Form substantially in the manner and form set forth in the Settlement and this Order satisfies due
6 | process requirements, is the best notice practicable under the circumstances, and shall constitute due
7 | and sufficient notice to all Class Members.

8 |      9.     The Court appoints CPT Group as Settlement Administrator and directs the Settlement
9 | Administrator to mail to Class Members the Notice and Claim Form by first class mail by **December**
10 | **21, 2012**, under the procedures set forth in the Settlement. If no response is received, another Notice
11 | and Claim Form will be sent by **February 21, 2013** by certified mail to those class members who have
12 | not yet responded. Class Members who wish to participate in the settlement provided for by the
13 | Settlement ("Participating Class Members") must complete and return the Claim Form under the
14 | Settlement's instructions by first class mail or equivalent, postage paid, by **March 11, 2013**.

15 |     10.     Any Class Member may choose to opt out of and be excluded from the Settlement as
16 | provided in the Notice by following the instructions for requesting exclusion from the Settlement that
17 | are set forth in the Notice and Settlement. All written requests for exclusion must be submitted as
18 | provided in the Notice and Settlement. Any such person who chooses to opt-out of and be excluded
19 | from the Settlement will not be entitled to any recovery under the Settlement and will not be bound
20 | by the Settlement or have any right to object, appeal, or comment thereon. Any written request to be
21 | excluded from the Settlement must be express and signed by each such person. Individuals in the
22 | Class who have not requested exclusion shall be bound by all determinations of the Court, the
23 | Settlement, and any Judgment that may be entered thereon.

24 |     11.     Any Participating Class Member may appear at the Final Approval Hearing and object
25 | to the Settlement ("Objectors"). Objectors may present evidence and file briefs or other papers that
26 | may be proper and relevant to the issues to be heard and determined by the Court as provided in the
27 | Notice. On or before **March 11, 2013**, Objectors shall serve by hand or by first class mail written
28 | objections and copies of any papers and briefs in support of their position and verification of their

1 | membership in the Class upon Class Counsel and Counsel for Defendants, and file the objections,
2 | papers, and briefs with the Clerk of this Court.

3 |     12.     All papers in support of the Settlement shall be filed with the Court and served on the
4 | parties' counsel no later than **April 1, 2013**.

5 |     13.     To the extent permitted by law, pending final determination as to whether the
6 | Settlement should be approved, any individuals within the Class, whether directly, representatively,
7 | or in any other capacity, whether or not such persons have appeared in the Action, shall not institute
8 | or prosecute against Defendants any claims to be resolved through this Settlement. The Court
9 | incorporates by reference and preliminarily approves the release of claims set forth in Paragraph 61
10 | of the Settlement.

11 |     14.     As of the date this Order is signed, all dates and deadlines associated with the Action
12 | shall be stayed, other than those related to the administration of the Settlement of the Action.

13 |     15.     If the Settlement does not become effective in accordance with the terms of and as
14 | defined in the Settlement, or if the Settlement is not finally approved by the Court, or is terminated,
15 | canceled or fails to become effective for any reason, this Order shall be rendered null and void and
16 | shall be vacated, and the parties shall revert to their respective positions as of before entering into the
17 | Settlement.

18 |     16.     The Court reserves the right to adjourn or continue the date of the Final Approval
19 | Hearing and all dates provided for in the Settlement without further notice to Class Members, and
20 | retains jurisdiction to consider all further applications arising out of or connected with the proposed
21 | Settlement.

22 |     17.     The Court retains exclusive jurisdiction over the Action to consider all further matters
23 | arising out of or connected with the Settlement until Judgment has been entered.

24 |     18.     In accordance with the terms of the Settlement, the Court hereby adopts the
25 | following dates for performance of the specified activities:

26 |

27 |     **December 7, 2012**                         Deadline for Defendants to provide
28 |                                                    Settlement Administrator with class data;

| | |
|---|---|
| **December 21, 2012** | Deadline for Settlement Administrator to mail the Class Notice and Claim Forms to all Class Members; |
| **February 21, 2013** | Deadline for Settlement Administrator to mail a second Class Notice and Claim Form by certified mail to all Class Members who have not responded; |
| **March 11, 2013** | Last day for Class Members to submit claims; |
| **March 11, 2013** | Last day for Class Members to submit written objections to the Settlement and any notices of intent to appear at the final approval hearing; |
| **March 11, 2013** | Last day for eligible Class Members to submit requests to be excluded from the Settlement; |
| **March 20, 2013** | Last day for Settlement Administrator to provide declaration of compliance with its obligations under the Settlement; |
| **March 25, 2013** | Last day for Plaintiff to file and serve a motion for final approval of Settlement, and for Plaintiff to file request for attorneys' fees, costs, and Class Representative payment; |
| **April 1, 2013** | Last day for filing of any written opposition to motion for final approval of Settlement and/or Plaintiff's request for attorneys' fees, costs, and Class Representative Payment; and |
| **May 2, 2013, at 9:30 a.m.** | Final approval hearing. |

IT IS SO ORDERED.

DATED: _____, 2012

_____
HON. ROGER T. BENITEZ
United States District Judge